## JOHN C. BLACKALL, RECEIVER OF THE WESTERN CONN. TITLE AND MORTGAGE CO.

*vs.*

## FIRST STAMFORD NATIONAL BANK AND TRUST CO.

Superior Court      Fairfield County      File No. 62554

MEMORANDUM FILED APRIL 20, 1942.

*Frank J. DiSesa*, Assistant Attorney General, for the Plaintiff.

*Durey, Pierson & Comley*, of Stamford, for the Defendant.

FOSTER, J. The Western Connecticut Title and Mortgage Company was a corporation organized pursuant to a special act of the General Assembly of this State. In general its business consisted of loaning money on notes secured by mortgages on real estate and in selling such notes and mort-

gages or selling participation certificates in such notes and mortgages. It owned some real estate, upon which it paid taxes; it maintained an office and an organization, for which it paid money.

The title company maintained four deposit accounts with the defendant bank: a general account, a trustee account, a dividend account, a savings account.

In its general account it deposited money received as interest on loans, money collected from mortgagors for the payment of taxes, money paid to it as rent upon property owned by it and other monies which it might receive. From this general account the title company paid by check interest to certificate holders, salaries, directors' fees and office expenses.

The court finds as a fact that the money deposited in this general account was property of the title company.

On August 15, 1939, the title company was duly adjudicated by a judge of the Superior Court of this State to be in receivership. On that date the title company was indebted to the defendant bank in the sum of $11,250 and had on deposit in its general account with the defendant bank the sum of $8,942.28.

On August 16, 1939, the defendant bank set off the deposit of $8,942.28 in such general account against the debt of $11,250. It did not set off against such debt the deposits in the other three accounts.

The plaintiff, receiver of the title company, brings this action against the defendant bank to recover the sum of $8,942.28, which was the general deposit set off against the debt of the title company to the defendant.

The plaintiff properly and necessarily concedes that money owned and deposited by a person in a bank may be set off by the bank against a debt owed by such depositor to the bank. *Sullivan vs. Merchants National Bank*, 108 Conn. 497.

Since the court finds that the money deposited in this particular account was the property of the title company, it follows that the bank did not and could not have knowledge that it belonged to any one else.

Judgment is rendered in favor of the defendant against the plaintiff.